IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-24-187 |
| | * | |
| FODE SITAFA MARA | * | |
| Defendant. | * | |
| | * | |
| | * | |

*******

**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
MINOR VICTIMS' OTHER SEXUAL BEHAVIOR OR PREDISPOSITION[1]**

The United States of America respectfully moves this Court for an order precluding the Defendant from introducing evidence of, or eliciting testimony about, the minor victims' other sexual behavior or sexual predisposition. Such evidence is barred under Federal Rule of Evidence ("FRE") 412 and should otherwise be excluded under FRE 403.

I.  **BACKGROUND**

On June 6, 2024, a grand jury indicted the Defendant on seven felony counts: five counts of Aggravated Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2241(c); one count of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); and one count of Obstruction of Justice, in violation of 18 U.S.C. § 1512(c)(2). ECF No. 1. There are two minor victims involved in this case. The Government anticipates calling both to testify, and any evidence of their sexual behavior or predisposition should not be admitted.

---

[1] The Government's motion may become moot if the Defendant does not follow the procedures set forth in Federal Rule of Evidence 412(c)(1), which requires that he file a motion at least 14 days before trial specifically describing any such evidence he seeks to introduce and the purpose for which it is being offered. Because motions *in limine* are due more than 14 days before trial, the Government has filed this motion.

## II. ARGUMENT

Rule 412 provides that the "following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Admitting evidence of the minor victims' sexual history (apart from their interactions with the defendant himself) or of their sexual predisposition would violate this rule on its face.

> According to the Advisory Committee notes, Rule 412:
>
> aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders

Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments. The Government's motion seeks to further this goal. The Court should exclude any evidence of the minor victims' other sexual behavior or sexual predisposition.

Even if this Court were to find that one of the exceptions listed in FRE 412(b) applies (which the government disputes), evidence of the minor victims' sexual history should nonetheless be excluded under FRE 403, because the probative value of such evidence would be minimal and substantially outweighed by the risk that it would unfairly prejudice the government, confuse the issues in the case, and mislead the jury.

        Respectfully submitted,

        Kelly O. Hayes
        United States Attorney

By:      _____/s/_____
        Brooke Oki
        Ranganath Manthripragada
        Assistant United States Attorneys

        Adam Braskich
        Department of Justice
        Trial Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court via CM/ECF on September 26, 2025, and thereby served counsel for the Defendants on the date of filing.

        Respectfully submitted,

        Kelly O. Hayes

        United States Attorney

By: _____/s/_____

        Brooke Oki

        Assistant United States Attorney