IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  Criminal Case No. 21-cr-00187-LKG |
| | ) |
| FODE SITAFA MARA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>VOIR DIRE</u>**

The parties respectfully request that the Court *voir dire* the jury in this case using the following proposed questions.

The parties have noted their objections when appropriate. The Government's requested questions or language that the Defendant objects to is in **blue**. The Defendant's requested questions or language that the Government objects to is in **red**.

\*\*\*

Ladies and Gentlemen, this is a criminal case in which the defendant is charged with five counts of aggravated sexual abuse of a minor, one count of coercion and enticement of a minor, and one count of obstruction of justice. The conduct is alleged to have occurred between November 2022 and November 2023.

Two of the aggravated sexual abuse of a minor counts and the sole coercion and enticement of a minor count involve the same minor, whom we will refer to as Minor 1, and the remaining three aggravated sexual abuse of a minor counts involve a second minor, whom we will refer to as Minor 2. The conduct in this case is alleged to have occurred in the West African country of Burkina Faso, primarily at a residence leased by the United States government.

1

1. The trial should take approximately two weeks (8 trial days). We will begin each day at 9:30 a.m. Do you have any reason whatsoever that would prevent you from serving as a juror during these days and times?

2. Do you have any mental or physical impairments, or are you presently taking any medication that may affect your ability to pay full attention at trial?

3. Do you have any difficulty understanding the English language?

4. The defendant in this case is Fode Sitafa Mara. Have you read or heard anything about this case or the defendant from any source whatsoever?

5. Do you know, or have you had any dealings with the defendant or any friends, associates, or family of the defendant?

6. Do you know, or have you had any dealings with, any of the following persons or members of their families:

    (a) Assistant United States Attorneys **Brooke Oki or Ranganath Manthripragada**, Department of Justice Trial Attorney **Adam Braskich** or any attorneys or employees of the United States Attorney's Office for the District of Maryland or the Child Exploitation and Obscenity Section of the Department of Justice?

    (b) **Special Agent David Sewell** of the Department of State, Diplomatic Security Service ("DSS")?

    (c) Counsel for the defendant, **Robert Bonsib**?

    (d) Any of your fellow jury panel members?

    (e) The following people who may be witnesses in the case or who may be mentioned by various witnesses:

        i. **TO LIST**

       (f)     Me, anyone of my staff, or anyone employed with the United States District Court for the District of Maryland?

7. Have you, a member of your family, or any of your close friends ever been employed by the United States Department of Justice, the Department of State Diplomatic Security Service, or any other local, state, or federal law enforcement agency?

8. Have you, a member of your family, or any of your close friends ever been employed by the U.S. Embassy in Ouagadougou, Burkina Faso?

9. Have you, a member of your family, or any of your close friends ever been employed by any state or federal court, or court-related agency, such as the United States Pretrial Services Office, the United States Probation Office, or the Maryland Department of Parole and Probation?

10. Have you, a member or your family, or any of your close friends had any legal training or experience as an attorney, paralegal, investigator, worked in a law office, or had any law enforcement training?

11. Have you, a member of your family, or any of your close friends ever been involved in any legal dispute with any federal, state, or local government or related agency?

12. Would you tend to give either greater or lesser weight to the testimony of law enforcement witnesses, or witnesses employed by a government agency, merely because they work for law enforcement or the government?

13. Would you tend to give greater or lesser weight to the testimony of a witness called by the defense merely because he or she is a defense witness?

14. Our Constitution states that a person charged with a crime is presumed innocent of that crime unless and until the government proves the person is guilty with evidence beyond a reasonable doubt. Would you have any difficulty applying this presumption of innocence?

15. Have any of you ever served on a grand jury or petit jury? If yes, then follow up with: What type of case, criminal or civil and what was the verdict? Did anything happen during that case that would make it difficult for you to serve as a fair and impartial juror in this case?

16. Do you, a member of your family, or any of your close friends participate, or have you participated, in any crime prevention groups, such as neighborhood watch organizations or any other crime prevention groups?

17. Do you, a member of your family, or any of your close friends belong to any group or organization that has a purpose of advocating for more severe or lenient criminal penalties or treatment of those convicted of crimes?

18. Have you, a member of your family, or any of your close friends ever been employed by any entity or business that provides services to victims of crime or persons charged with or convicted of a crime?

19. Have you, a member of your family, or any of your close friends had any training in psychology or psychotherapy or in providing counseling and therapy to victims of child abuse or sexual abuse?

20. Have you, a member of your family, or any of your close friends ever been the victim of, or witness to, a crime, other than minor traffic offenses?

21. Have you, a member of family, or any of your close friends ever been charged, arrested, or accused of criminal conduct, other than minor traffic offenses, or ever been the subject of a criminal investigation by any law enforcement agency?

22. Have you, a member of your family, or any of your close friends had any formal training, education, or experience in the law or law enforcement?

23. Have you ever served on a grand jury or a petit jury in a criminal case?

24. Have you ever testified in a criminal case?

4

25. Do you have any reservations concerning the administration of criminal justice in the courts that would affect your ability to be a fair and impartial juror in this case?

26. You are required to rely only on the evidence received in the courtroom and the law as I will explain it to you. Would you find it difficult to follow this requirement?

27. If you are chosen as a juror, I will instruct you not to consider punishment at all when deciding your verdict. Will you have any difficulty following this instruction?

28. At the end of this trial, I will instruct you on the law which must be followed in this case. Would you hesitate—or who would be unwilling or unable—to follow my instructions on the law if you personally disagree with the law as I give it to you?

29. Do you have any views about prosecutors, members of law enforcement, or defense attorneys that would affect your ability to be a fair and impartial juror in this case?

30. Are you presently a party in any case pending in this or any other federal or state court?

31. You will be instructed to not use any device, including a computer, smart television, smart phone, or smart watch, to conduct any media or social network search of any kind to research issues that arise in this case, legal or otherwise. Is there any reason you would not be able to comply with this instruction throughout the trial?

32. Do you believe that just because a defendant has been charged with a crime, that he must be guilty of a crime?

33. At the end of this trial the Court will instruct you that the defendant has an absolute right to remain silent throughout the trial and not testify and that you must not draw any inference of guilt from the defendant's decision not to testify. Would any of you be unable to or would any of you not follow the Court's instructions that you may not draw any inference of guilt from the

defendant's right to remain silent, should he elect not to testify in this case or are uncertain as to whether you can follow such an instruction from the Court?

34. At the end of this trial, the Court will instruct you that the government has the burden of proving the defendant guilty of each and every offense charged, beyond a reasonable doubt. This burden never shifts to the defense. If the government does not prove every element of an offense beyond a reasonable doubt, the jury must find the defendant not guilty of that offense. Would any of you be unable to follow and apply the Court's instructions on reasonable doubt in this case?

35. At the end of this trial the Court will instruct you that the defendant is presumed to be innocent of the offenses charged throughout the trial unless or until he is proven guilty beyond a reasonable doubt. The defendant has no burden to present any evidence in this matter. Would any of you would be unable or be unwilling to follow and apply the Court's instructions on the presumption of innocence in this case?

36. Have any of you already formed an opinion about the guilt or innocence of the Defendant?

37. In this case there will a number of interpreters translating testimony both by witnesses and for the defendant. Will the fact that you will have to listen to testimony through interpreters make it difficult for you to hear and evaluate the evidence in this case?

38. The defendant is a United States citizen but was born in a different country. Would the fact that the defendant was born in another country make it difficult for you to fairly and impartially sit as a juror in this case?

39. Do you have any religious, moral, or philosophical beliefs that would make it difficult or impossible for you to sit in judgment of the conduct of another person?

**Offense Specific Questions**

As I explained earlier, this case involves allegations of sexual assault. I am now going to ask some questions about the nature of this case in particular that may cause you discomfort; however, I remind you that you must answer each question honestly. Please be reminded that you will not be asked to discuss your responses to these or any questions in front of other potential jurors

<span style="color:red">DEFENSE PROPOSED ALTERNATE INTRODUCTION

A fair juror is a person who will keep the promise to be fair and impartial, and will not base the decision upon a bias or prejudice in favor of, or against a person who may appear in this trial on account of that person's race, color, national origin, ancestry, gender, gender identity or expression, religion, religious practice, age disability, or sexual orientation.

A fair juror must be mindful of any stereotypes or attitudes about people or groups of people that the juror may have and must not allow those stereotypes or attitudes to affect their decision. We all develop and hold unconscious views on many subjects. Some of those unconscious views may come from stereotypes and attitudes about people or groups of people that may impact on a person's thinking and decision-making without that person even knowing it. As a juror, you are asked to make a very important decision about another member of the community. You would not want to make that decision based on such stereotypes and attitudes, that is, on implicit biases, and it would be wrong for you to do so.

This case involves allegations of sexual child abuse.  Amongst the questions you are being asked to answer are questions about beliefs and opinions regarding allegations of child abuse and whether you, family members or close personal friends have been accused of or have been the victims of child abuse. There is no right or wrong answer to such questions.  It is very important to the government and the Defendant that you candidly and fully answer questions regarding this subject.   While you may able to be fair and impartial in most types of criminal cases, there are instances where a prospective juror cannot</span>

7

be fair and impartial because of the subject matter or personal experiences in certain types of criminal cases. If this is that type of case for you, you should be as open and honest as you can as you answer these questions and let us know whether you believe that you should be selected to serve as a juror where the charge involves allegations of sexual child abuse or whether you should be excused from this case and, perhaps, be asked to serve as a juror in a different type of case.

You must ask yourself whether you have concerns about your capacity to put aside any biases you may have, that might affect your views and conclusions about the defendant, witnesses, or others that you may hear about or see in court on account of their race, color, national origin, gender, gender identity or expression, religious practice, age, disability, and membership in a group. And if you do have those concerns, you must tell us in your answer to the following questions.

40. A part of the evidence in this case will be the descriptions of alleged sexual acts using force and without consent. This may be difficult and uncomfortable to hear. However, the prospect of having to hear uncomfortable evidence is not a basis to avoid the responsibility of jury service. Many cases, both criminal and civil, involve difficult and uncomfortable things. If we excused prospective jurors on the ground that jury duty makes demands – including some unpleasant demands – then we could not function. Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness  In light of that, are there any compelling reasons why you believe you could not be a fair and impartial – that is, to consider all of the evidence and follow the law – because testimony that might be uncomfortable and difficult to hear will be presented as evidence in the trial?

41. Mr. Mara is accused of sexual abusing a 15-year-old and a 13-year-old. Is there anything about the nature of these accusations or the ages of the alleged victims that would prevent you from being fair and impartial to the prosecution and the Defendant?

42. Have you, any member of your family, or any of your close friends ever been the victim of or witness to a crime or charged with a crime that was a sexual offense, whether it was prosecuted or not? For example, this would include offenses that described as unlawful sexual contact, sexual assault, sexual abuse, and rape, including, statutory rape.

43. Do you have any experience or expertise working with people who have experienced sexual assault or sexual abuse?

44. Have you, any member of your family, or close friends volunteered or worked for any type of sexual assault victim advocacy group, or any group or organization for sexual assault victims?

45. Do you have strong feelings about the crime(s) with which the defendant is charged?

**The Government objects to this question on vagueness grounds.**

46. There has been media attention to the subject of child abuse. Have you read or seen any media or other accounts that might cause you to be unfair to the defendant or unfair to the government?

**The Government objects to this question on vagueness grounds.**

47. Would you tend to believe the testimony of a witness called by the prosecution more than the testimony of a defense witness based solely on which side called the witness?

48. Would you tend to believe the testimony of a child more than the testimony of any other witness?

49. Would you be more likely to believe the testimony of the alleged victim over that of the defendant?

**The Government proposes that this question be worded as: Would you be more likely to believe the testimony of an accuser over the person being accused?**

9

50. Have you, a family member or close friend been sexually assaulted or abused, or whose family members have been sexually assaulted or abused?

51. Would you be less likely to believe the Defendant's testimony simply because he is the accused?

**The Government submits that this question is redundant of the Government's proposed amendment to Question 49.**

52. Is there any reason you cannot promise, or you doubt your capacity to keep a promise, to be fair and impartial, and not base your decision upon a bias or prejudice in favor of or against a person who may appear in this trial on account of that person's race, color, gender, gender identity or expression, religion, age, disability, sexual orientation, or membership in a group?

53. Have you had any life experience or is there any other reason which raises a serious question in your mind about your ability to be a fair and impartial juror in a case involving accusations of multiple sexual assaults?