IN THE UNITED STATE'S DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| vs. | * Case No. LKG 24-187 |
| FODE MARA | * |

### *MOTION IN LIMINE* RE STATE'S EXPERT WITNESS NOTICE RE SARA BOYD, Ph.D

The Defendant, by and through his attorney, Robert C. Bonsib, Esq., respectfully requests this Honorable Court to bar the proffered expert testimony from Sara Boyd, Ph.D and, as reasons therefore, states as follows:

### Introduction

The Defendant has been indicted in the above matter in a multi-count indictment alleging a variety of violations of federal sex offense statutes with respect to two minor alleged victims. (MV1 and MV2).

The government has provided letter notice to the Defendant that the government will seek to introduce the testimony of Sara Boyd, Ph.D as an expert witness. The portions of that letter that relates to Dr. Boyd's proffered expert testimony are attached to this motion as Exhibit #1.

There is no indication that that Dr. Boyd has interviewed, evaluated or had any personal contact with either MV1 or MV2. It is unclear what information has been provided to Dr. Boyd about the facts alleged by the government as relates to MV1 and MV2.

The government states that the bases for Dr. Boyd's opinions are on her "professional experience evaluating and treating individuals who were the victims of childhood sexual abuse and the relevant professional literature."

The government has indicated that it wishes to have Dr. Boyd offer expert testimony in the following four areas:

    1.       Memory and delayed/gradual disclosure in sexual abuse cases

    2.       Preparatory conditioning by child sex offenders

    3.       Victim-offender interpersonal abuse dynamics

    4.       Counter-intuitive victim behavior

The Defendant respectfully requests that the Court bar the proffer testimony from Dr. Boyd. The proffered testimony is neither relevant nor is it proper expert testimony in this matter.

The proffered expert testimony of Dr. Boyd is highly prejudicial and essentially tells the jury that it should accept the credibility and the reliability of the testimony of MV1 and MV2 and disregard any inconsistencies, lack of memory or behavior that a common sense evaluation of would suggest behavior inconsistent with one being the victim of sexual assault.

In summary:

    1.       The proffered expert testimony is not relevant;

    2.       The subject matter of Dr. Boyd's proffered expert testimony is not a proper and generally accepted and recognized area for expert opinion testimony in this matter;

    3.       That the proffer expert testimony of Dr. Boyd exceeds the scope of her experience;

    4.       That Dr. Boyd's proffered testimony is not based upon sufficient facts or data;

    5.       That Dr. Boyd's proffered expert testimony is not, and cannot be, predicated based upon an application of facts and circumstances of this case.

<u>Memory and delayed/gradual disclosure in sexual abuse cases</u>

The governments seeks to have Dr. Boyd testify regarding what she contends is a frequency of delayed disclosure and process of delayed disclosure in victims of sexual abuse, noting **it may be** difficult for the child or adolescent to recall specific but peripheral details such as the date or time of the day or **there may be** incomplete and/or delayed disclosure. (emphasis added)

Other factors that she may discuss are noted in the attached Exhibit #1 and are equally speculative and untethered to the facts of this case.

Preparatory conditioning by child sex offenders

With respect to this area of proposed testimony, the government states that Dr. Boyd will discuss a number of behaviors that she contends that "**some, though not all**" perpetrators of sexual abuse engage in as intentional preparatory psychological, interpersonal and physical conditions of the child or adolescent in order to increase the likelihood that the abuser will be able to engage in the abuse..." (emphasis added).

She acknowledges that "not all individuals" who engage in sex offending also engage in "preparatory conditioning"

The fact that Dr. Boyd acknowledges that only some and not all perpetrators engage in this conduct, together with a complete absence of notice by the government as to what information she has been provided to support the relevance of her testimony in this matters, makes her testimony not only not relevant but also speculative and extraordinarily prejudicial.

Victim-offender interpersonal abuse dynamics

As to this subject matter, the government provides notice that Dr. Boyd will testify that "interpersonal abuse dynamic **can** inhibit disclosure by victims and enable ongoing access by the offender while promoting feelings of self-blame and shame in victims. This is related to preparatory and maintenance behaviors used by individuals who engage in sex offense conduct towards non-strangers. The nature of the relationship **can** be manipulated by the perpetrator to confuse victims and generate shame, fear and self-blame." (emphasis added)

Dr. Boyd cannot offer an opinion as to whether such factors are present in the instant case. If she should try to do so, she would need have a factual basis to offer such an opinion. If that opinion

was supported with a factual basis in the record, then it would inadmissible as an opinion going directly to her conclusion that the alleged victims' testimony was credible and reliable.

<u>Counter-intuitive victim behavior</u>

The proffered testimony purports to address what the Dr. Boyd describes as "counterintuitive behaviors" which she describes as "peri- and post-assault behaviors, including social contact with perpetrators and defense cascade responses, that may appear counter-intuitive to the lay person."

As previously noted, it appears Dr. Boyd will not offer any specific opinions about either MV1 or MV2.

The proffered opinion testimony is speculative in nature and consists of statements about what might be reasons for conduct and/or failure to act in certain ways of alleged victim of sexual assault.. The proffered testimony seeks to offer explanations and justifications for an alleged sexual assault victim's behavior and manner and timely of reporting of allegations of sexual assault.

<u>Dr. Boyd's proffered expert opinion testimony is not relevant, is speculative,
is not a proper subject matter for expert testimony and is highly prejudicial</u>

The expert notice letter contains other equally speculative observations, most of which bear no relationship to any of the circumstances alleged by the government to have occurred with respect to the relationship between the Defendant and the alleged victims in this case.

The proffered testimony is not only not relevant, nor is it the proper subject matter for expert testimony in this case, but is speculative and extraordinarily prejudicial. It seeks to justify or explain any conduct or statements that an alleged sexual assault victim might have engaged in or said that does not fit the "perfect" victim picture.

Each alleged victim in this case is in their teenage years. Each can explain what they did or did not do and why that was done or not done. Each can explain their reasons for the their

4

actions or failure to act. Their reasons are reasons that can be assessed by the jury as to their credibility and reasonableness. A jury does not need an "expert" to tell them what is a matter within the purview of the jury as it evaluates the evidence.

The proffered testimony of Dr. Boyd would not be based upon any evidentiary connection to the circumstances alleged in the indictment or disclosed in discovery with respect to the Defendant's interaction with MV1 and MV2.

The testimony sought to be offered by the government consist of a series of speculations and possibilities as to why an alleged victim might have engaged in conduct described by the government as "counterintuitive." This is simply an attempt to suggest that the jury should disregard their common sense and not engage fully in the assessment of credibility that is central to the jury's role in a criminal case. Analyzing a witness's in-court demeanor, the witness's explanation as to why the witness did or did not engage in certain conduct, is what a juror is directed to do. A review of the standard jury instruction regarding credibility of witnesses tells the jury what it needs to know about how to approach an assessment of the credibility of witnesses.

Such testimony can only be admissible as relevant evidence if it, in fact, meets the requirement that evidence be relevant. Either the evidence is relevant, i.e. relates to the testimony of the specific alleged victims in this matter or it does not relate to the testimony of the specific alleged victims and is, therefore, inadmissible. And it would be highly improper for Dr. Boyd to opine as to the reasons why MV1 and/or MV2 in this matter acted in the manner in which each did with respect to their interaction with the Defendant.

How will the government suggest the jury consider such evidence in its opening and closing? It will undoubtedly be argued as evidence specifically relevant to those portions of the

testimony of the alleged victims that the government is uncomfortable with as not meeting the test of common sense. Analysis of such conduct is, as noted, central to how the jury approaches assessment of witness credibility.

What is clear is that such proffered testimony will inevitably be used to provide opinion evidence as to how the jury should evaluate the conduct and statements of the alleged victims and will be suggesting that the jury should "forgive" any statements or conduct that, as the government describes, are statements or behavior that may be counterintuitive to the behavior of a true sexual assault victim. Otherwise stated, the government appears to be predicting that the some of the statements and some of the behavior of the alleged victims in this matter are inconsistent with what one might expect from a true victim of sexual assault. The government seeks to "clean up" the deficiencies in its proof by offering the so-called expert testimony of a witness who sole and only purpose in a case such as this is to ask the jury to overlook statements and behavior are directly relevant to the jury's assessment of the credibility of the alleged victims and the reasonableness of their interactions with the Defendant as relate to the issue as to whether their relationship was consensual. It would be incredulous to think that this testimony would serve any other purpose in this case than to "bolster" the credibility and reliability of the testimony of MV1 and MV2.

The proffered expert testimony, even assuming *arguendo* that it has some nominal probative value, any such nominal probative value is grossly outweighed by its prejudicial impact. There is simply no way that such testimony will be viewed anything less than an opinion by Dr. Boyd regarding the truthfulness and reliability of the allegations of sexual assault made by the alleged victims in this case.

The proffered expert testimony should be barred because:

(i) it is not relevant;

(ii) it is speculative;

(iii) it invades the province of the jury with respect to fact-finding and credibility assessments;

(iv) it is not proper subject matter for expert testimony in the context of the factual allegations in this matter;

(v) the prejudicial impact of such testimony is grossly outweighed by its prejudicial impact;

(vi) there is no conceivable way that the jury will not view the proffered testimony as opinion testimony regarding the credibility and reasonableness of the actions and statements of the alleged victims in this matter.

In short and in summary, the proffered testimony of Dr. Boyd fails the test of relevance, is at best speculative testimony and would be highly prejudicial.

Additionally, when combined with the requests of the government to have MV1 and MV2 testify in a manner that may prevent the jury from being able to assess their demeanor and credibility, the prejudice beings even more aggravated.

The Defendant respectfully requests that this Honorable Court bar the proffered expert testimony Dr. Sara Boyd.

Respectfully Submitted,

*/s/ Robert C. Bonsib*
_____
ROBERT C. BONSIB
robertbonsib@marcusbonsib.com
Trial Bar No. 00324
6411 Ivy Lane, Suite 116
Greenbelt, MD 20770
(301) 441-3000

7

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was sent via electronic filing, this 13th day of October, 2025 to all parties of record in this matter.

                                    */s/ Robert C. Bonsib*

                                    _____
                                    ROBERT C. BONSIB